UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN L. BOYD,                           :
                                        :
         Plaintiff,                     :
                                        :   CIVIL NO. 3:CV-05-2033
      v.                                :
                                        :   (JUDGE VANASKIE)
UNITED STATES OF AMERICA, ET AL.,       :
                                        :
         Defendants.                    :


M E M O R A N D U M

I.   Introduction.

Presently before the Court is Defendant's motion in limine to exclude the testimony of Dr. Sylvia W. Norton, a board certified ophthalmologist, offered by Boyd in support of his remaining Federal Tort Claim Act ("FTCA") claim that Bureau of Prisons ("BOP") employees were negligent in failing to timely refer him to, and schedule him an appointment with, a general ophthalmologist and/or retina specialist. The motion has been briefed, and oral argument was heard, on August 15, 2008. This Memorandum memorializes the Court's ruling at oral argument granting the motion.

II.  Background.

Boyd contends that "[f]rom the period of January 14, 1995 through

December 17, 2003, the medical staff at Allenwood Federal Penitentiary as well as Defendants Weyand and DeRose failed to properly treat and/or conduct comprehensive eye examinations sufficient to diagnose Plaintiff's progressive glaucoma." (Dkt. Entry 1, ¶ 14.) On December 17, 2003, Boyd was examined by ophthalmologist David Lightman, MD, who diagnosed Plaintiff with advanced glaucoma and permanent loss of vision in his left eye as well as increased intraocular pressure in his right eye. (Id. at ¶ 15.) Plaintiff alleges that it was the negligence of Defendants DeRose and Weyand "set forth [in the Complaint] that was the direct and proximate cause of [his] injuries and damages." (Id. at ¶ 20.) On November 11, 2004, Boyd submitted a claim for Damage, Injury or Death to the BOP. (See Dkt. Entry 28-2, Plaintiff's Documents in Opposition to USA's Motion for Summary Judgment, Exh. A.) In that document, Boyd summarizes his claim as follows:

> There was a five month delay in getting me to Dr. Lightman. . . . The prisons' failures, including their failure to do comprehensive eye exams, their failure to consider my risk for glaucoma or to determine the cause of my decreased vision in 1999, their failure to refer me to an ophthalmologist in a timely manner so I could receive prompt medical treatment all contributed to a complete loss of vision in my left eye. . . .

(Id.)

On September 29, 2006, this Court issued an opinion and order granting the motion to dismiss of Doctors Weyand and DeRose based upon Boyd's failure to

-2-

submit a Certificate of Merit in order to proceed with his claim of professional negligence against these optometrists.  (See Dkt. Entry 35).  In the same Order the Court denied the Government's motion for summary judgment.  In doing so, the Court held that, although Drs. Weyand and DeRose were independent contractors and not BOP employees for the purpose of the FTCA, Boyd's FTCA claim also included a negligence claim against the BOP employees responsible for making or scheduling timely referrals and appointments with the general ophthalmologist and the retina specialists.  (Id.)

Thereafter, a period of discovery ensued and finally, expert reports were exchanged.  This case is presently set for trial on September 17, 2008.[1]  On June 30, 2008, the United States filed a motion in limine to exclude Dr. Norton's expert testimony, asserting that it is "devoid of any opinion and/or evidence indicating that BOP medical personnel failed to make timely referrals and/or appointments with the [eye] specialists." (Dkt. Entry 56, Defendant's Supporting Brief at RR. 5 - 6.)[2]

Dr. Norton examined John Boyd's medical records from various sources "and prepared this report to answer the question whether there was proper treatment of the Plaintiffs (sic) ophthalmological diagnosis of glaucoma from the period between January 14, 1995 to December 17, 2003." (Dkt. Entry 56-2, Exh. 1, Norton's Expert Report.)  Dr.

---

[1] All claims asserted against the United States under the FTCA must be decided by the court without a jury pursuant to 28 U.S.C. § 2402.

[2] "R." or "RR." references are to the CM/ECF pagination of the document cited.

Norton concludes, "within a reasonable degree of medical certainty that the deviations of the standard of care described [in her report] and in the medical records of the Plaintiff are causal to the severe, irreversible and permanent loss of the vision and visual field of the Plaintiff's left eye." (Id. at R. 3.) Dr. Norton explains that the private contract optometrists' examinations of Boyd fell below accepted standards of care, resulting in their failure to diagnose and manage Boyd's glaucoma, which resulted in his permanent loss of vision in his left eye. (Id.) Dr. Norton, however, does not address the care provided by BOP medical personnel.

Boyd submits that Dr. Norton's report must be read in conjunction with the report of his second expert, Dr. Moore, who opines that "the lack of care and diagnostic tests and failure to provide treatment caused irreversible eye damage to Mr. Boyd and fell below the standard of care for a correctional facility." (Dkt. Entry 57-4, at Exh. B, Moore's Expert Report.) In particular Dr. Moore asserts that the BOP's Health Care Administrator, Ronald Laino, "who is a physician's assistant by training ... and [the contract] optometrists that were providing care to Mr. Boyd, failed to diagnose his condition in a timely manner and failed to monitor his condition by providing simple measurements of intraocular pressure through a simple screening procedure of tonometry."

III.     Standard of Review.

Under the Federal Rules of Evidence, all relevant evidence is admissible, and evidence that is not relevant is not admissible. See Fed. R. Evid. 402. "Relevant evidence" is defined as any evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is relevant may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of the evidence." Fed. R. Evid. 403.

IV.     Discussion.

It is undisputed the Dr. Norton's expert report makes no statement or assertion that BOP staff members were negligent in their scheduling of an appointment with an ophthalmic specialist or that they had the independent responsibility to make such referrals absent the direction or request of the treating contract optometrists. Furthermore, Dr. Norton's report did not find fault with the alleged six (6) month delay in scheduling Boyd to see the contract optometrists that Dr. Moore notes.

Dr. Norton's report does not address the issue of whether BOP staff members were negligent and whether such negligence was a cause in fact of Plaintiff's

injuries, the sole triable issues in this matter.  Her report focuses on the treating optometrists' deviation from the standard of ophthalmic care in diagnosing and treating Boyd's glaucoma, and the causal relationship between that negligence and Boyd's injuries.  Although Dr. Norton reviewed Boyd's complete medical records, and was tasked to determine whether Boyd received "proper treatment" between January 14, 1995 and December 17, 2003, her generalized statement that "[t]he failure of the USP Allenwood institution" to properly diagnose Boyd's glaucoma contributed to Boyd's loss of vision, does not point to any wrongdoing of any BOP employee.  Dr. Norton confines her findings to the inadequacies of the ophthalmic exams and the optometrists' failure to properly record their exam findings.  Thus, as the government accurately points out, the testimony of Dr. Norton is not relevant to the remaining claim of negligence and cannot find relevance when bootstrapped to Dr. Moore's report.

An appropriate order follows.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN L. BOYD, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL NO. 3:CV-05-2033 |
| v. | : |
| | : (JUDGE VANASKIE) |
| UNITED STATES OF AMERICA, ET AL., | : |
| | : |
| Defendants. | : |

## O R D E R

AND NOW, this 19th day of AUGUST, 2008, it is ORDERED that Defendant's Motion in Limine to Preclude Dr. Norton from Providing Expert Testimony (Dkt. Entry 55), is GRANTED.

                                                      s/ Thomas I. Vanaskie
                                                      Thomas I. Vanaskie
                                                      United States District Judge